IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STREAMLINE CONSULTING GROUP LLC, | ) ) ) | CIVIL NO. 15-00318 SOM/KSC |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION TO VACATE OR MODIFY ARBITRATION AWARD AND GRANTING DEFENDANTS' COUNTERMOTION TO CONFIRM ARBITRATION AWARD |
| vs. | ) ) | |
| LEGACY CARBON LLC, dba HAWAIIAN LEGACY CARBON; | ) ) ) | |
| HAWAIIAN LEGACY REFORESTATION INITIATIVE, dba HAWAIIAN LEGACY HARDWOODS, dba HAWAIIAN LEGACY FORESTS, dba, LEGACY FORESTS, dba LEGACY TREES; | ) ) ) ) ) ) ) | |
| HLH LLC, aka HAWAIIAN LEGACY HARDWOODS, LLC; | ) ) ) | |
| LEGACY HARDWOODS, INC., aka HAWAIIAN LEGACY HARDWOODS, INC,; | ) ) ) ) | |
| LEGACY HOLDINGS LLC, aka HAWAIIAN LEGACY HOLDINGS, LLC; | ) ) ) ) | |
| JEFFREY DUNSTER; and | ) ) | |
| JOHN DOES, | ) ) | |
| Defendants. | ) ) ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE OR MODIFY ARBITRATION AWARD AND GRANTING DEFENDANTS' COUNTERMOTION TO CONFIRM ARBITRATION AWARD**

## I.     INTRODUCTION.

In 2016, this court referred to arbitration all claims arising under the Services Agreement and Non-Circumvention Agreement, reserving for later adjudication which parties had to arbitrate the claims at issue.  The parties subsequently stipulated to stay this proceeding pending arbitration and to refer all claims against all Defendants to arbitration.  In November 2018, the arbitrator awarded $273,930.14 to Defendants.  The stay of this case has been lifted, and Plaintiff Streamline Consulting Group now moves to vacate or modify that award.  Defendants have filed a countermotion to confirm the award.  The court denies Plaintiff's motion and grants Defendants' motion to confirm the arbitration award without a hearing pursuant to Local Rule 7.2(d).

## II.    FACTUAL BACKGROUND.

The factual background for this case was set forth in this court's order of January 27, 2016.  *See* ECF No. 36.  That background is incorporated herein by reference.  In the order, this court determined that all claims arising under the Servicing Agreement and Non-Circumvention Agreement had to be arbitrated, but left for further determination which Defendants had to participate in arbitration.  *See id.*  After this court declined to reconsider that order, the parties stipulated to having all claims against all parties arbitrated.  *See* ECF No. 59.

At the beginning of 2018, the parties signed an Agreement to Participate in Binding Arbitration with Jerry Hiatt as the arbitrator. *See* ECF No. 73-1, PageID #s 722-24. The agreement stated:

> Unless the parties' agreement provides otherwise, the Arbitrator shall determine all issues submitted to arbitration by the parties and may grant any and all remedies that the Arbitrator determines to be just and appropriate under the law. In the Award of the Arbitrator, the Arbitrator shall issue a determination on the issue of all arbitration-related fees and costs, including: Arbitrator's compensation and expenses; [Dispute Prevention & Resolution, Inc.'s] fees and expenses; and, if provided for in the parties' agreement, the Submission to Arbitration, or applicable laws or statutes, attorney's fees and costs.

*Id.*, PageID # 722, 723.

According to the Pre-Hearing Stipulation and Order Number 2, the arbitration was to be "governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*" ECF No. 73-1, PageID # 729.

Streamline asserted five claims against all Defendants in the arbitration proceeding: Breach of the Services Agreement (Count I); Breach of the Non-Circumvention Agreement (Count II); Use of Photograph Without Giving Credit (Count III); Breach of Implied Covenant of Good Faith and Fair Dealing (Count IV); Misappropriation of Name and Likeness (Count V); Intentional Interference with Economic Advantage (Count VI); and Unjust

3

Enrichment (Count VII). *See* ECF No. 76-6. Apparently, Legacy Carbon filed contract and tort counterclaims against Streamline for allegedly deficient services. *See* ECF No. 76-3, PageID #s 1000-01 (Final Award of Arbitrator discussing counterclaims).

At the arbitration hearing on October 9, 2018, all parties agreed that the arbitrator was to award attorneys' fees to prevailing parties with respect to contract claims and that such attorneys' fees were awardable under Hawaii's assumpsit statute. *See* ECF No. 73-1, PageID # 779. At the arbitration hearing on October 12, 2018, the arbitrator confirmed with the parties that, unless a different amount was provided for in the parties' contracts, attorneys' fees would be awarded under Hawaii's assumpsit statute, which he said was limited to 25% of the amount in controversy. ECF No. 73-1, PageID # 742. Counsel for Defendants corrected him, stating that the amount should be "25 percent of the judgment awarded or 25 percent of the claim you successfully defend." *Id.* The arbitrator responded, "Yes, I think we have a common basic understanding."

On or about October 22, 2018, Streamline argued in arbitration its entitlement to an award of attorneys' fees under Hawaii's assumpsit statute, section 607-14 of Hawaii Revised Statutes. *See* ECF No. 73-3, PageID # 897. The same day, Defendants argued that they were the parties entitled to attorneys' fees under section 607-14 of Hawaii Revised Statutes.

4

*See* ECF No. 73-2, PageID # 791. Given these circumstances, the parties agreed that the arbitrator should award attorneys' fees pursuant to Hawaii's assumpsit statute, section 607-14.

On or about November 28, 2018, the arbitrator issued his Final Award of Arbitrator. *See* ECF No. 76-3. The arbitrator determined that $263,000 represented a total reasonable amount of attorneys' fees for each side. *See* ECF No. 76-3, PageID # 1001. The arbitrator determined that each side incurred at least $10,930.14 in costs. *Id.*

With respect to the portion of Count I asserting "Breach of the Services Agreement--failure to pay invoice," the arbitrator ruled that Legacy Carbon had breached the agreement by failing to pay invoices. The arbitrator awarded to Streamline from Legacy Carbon $47,387.43 in damages and, pursuant to section 607-14 of Hawaii Revised Statutes, awarded 25% of that amount ($11,846.86) for attorneys' fees. The arbitrator also awarded to Streamline from Legacy Carbon $10,930.14 in costs. *See* ECF No. 76-3, PageID # 1007. However, the arbitrator determined that the remaining five Defendants had not breached the Services Agreement and awarded each of them 25% of the award ($11,846.86) plus 1/6 of the total costs of $10,930.14 ($1,821.69), for a total of $13,668.55 in favor of each of the other five Defendants with respect to Count I. The aggregate of the five awards in

5

favor of the five Defendants was $68,342.75 ($13,668.55 x 5 = $68,342.75).  *Id.*, PageID #s 1007-08.

With respect to a different claim under Count I ("Breach of the Services Agreement--achievement fee"), the arbitrator ruled against Streamline in favor of all Defendants. Because Streamline had claimed $53,227.49 with respect to this claim, the arbitrator awarded each of the six Defendants 25% of that amount ($13,306.87) as attorneys' fees.  Because all Defendants but Legacy Carbon had already been awarded a proportional share of the full costs ($1,821.69), the arbitrator awarded Legacy Carbon only its proportional share of the full costs--1/6 of the total costs ($1,821.69).  The total award against Streamline with respect to Count I's achievement fee claim was $81,662.91 (($13,306.87 x 6) + $1,821.69 = $81,662.91).

The arbitrator also decided a commission claim arising out of an "ICA" agreement, ruling that Hawaiian Legacy Hardwoods owed Streamline $4,510.08 as damages, plus 25% of that amount (the arbitrator awarded $1,127.50, rather than $1,127.52) for attorneys' fees, for a total award of $5,637.58.  *See* ECF No. 76-3, PageID # 1010.  No costs were awarded because Streamline had already been awarded all of its costs.  *Id.*

With respect to a portion of Count II ("Breach of the Non-Circumvention Agreement--Jones Transaction"), the arbitrator

awarded $10,022.40 in favor of Streamline and against Hawaiian Legacy Hardwoods, as well as attorneys' fees of $2,505.60 (25% of the $10,022.40 award), for a total of $12,528.00. However, the arbitrator ruled in favor of the other five Defendants, awarding each of them 25% of the award, for a total of $12,528.00. *See* ECF No. 76-3, PageID # 1011.

With respect to a different part of Count II ("Breach of the Non-Circumvention Agreement--NC Fee on Carbon Credits Certified by Gold Standard"), the arbitrator ruled in favor of all Defendants and against Streamline. Each of the six Defendants was awarded 25% of the claimed amount of $186,599.40, or $46,649.85 ($279,899.10 total). *See* ECF No. 76-3, PageID # 1014.

The arbitrator ruled in favor of Defendants on the remaining counts (Counts 3 to 7) asserted by Streamline. Because these claims were based on torts, rather than contracts, the arbitrator declined to award attorneys' fees to Defendants. The arbitrator also declined to award costs for these claims because the full amount of costs had already been awarded. *See* ECF No. 76-3, PageID #s 1021, 23.

Finally, the arbitrator ruled in favor of Streamline with respect to each of the counterclaims asserted by Legacy Carbon. With respect to Legacy Carbon's breach of contract claim, the arbitrator awarded Streamline $10,688.69 in attorneys'

fees, 25% of the amount claimed by Legacy Carbon. The arbitrator did not award costs because the full amount of costs had already been awarded to Streamline. *See* ECF No. 76-3, PageID # 1024. With respect to all of the other counterclaims asserted by Legacy Carbon, the arbitrator declined to award attorneys' fees because the claims sounded in tort, and also declined to award costs because the full amount of costs had already been awarded. *Id.*, PageID #s 1024-25.

When the arbitrator added up all of the awards to Streamline and to Defendants, Streamline ended up owing Defendants $343,414.06. Because this amount exceeded the reasonable fees and costs allowed by the arbitrator, the arbitrator reduced this amount to $273,930.14, plus applicable fees and costs of the arbitration. *See* ECF No. 76-3, PageID # 1025-26. This amount equaled what the arbitrator had determined was the total in reasonable fees and costs for the case.

Streamline asked the arbitrator to modify or correct the arbitration award, arguing that the amount awarded was in error because the attorneys' fees awarded under section 607-14 had not been limited to a collective recovery of 25% of the amount in dispute. *See* ECF No. 76-5, PageID # 1034 (summary of argument). The arbitrator denied the motion. *Id.*, PageID # 1045. In so ruling, the arbitrator acknowledged that there was

8

a history of Hawaii cases in which the 25% attorneys' fees cap was applied to a single side in state-court cases. However, the arbitrator stated that, based on a more recent Hawaii Supreme Court case, *Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC*, 123 Haw. 476, 236 P.3d 456 (2010), that limit did not apply to arbitration proceedings. *Id.*, PageID # 1041. The arbitrator additionally denied the motion on the ground that it failed to meet the standard for altering an arbitration award. Specifically, the arbitrator noted that Streamline was citing new authority that could have been cited earlier, that Streamline itself had sought more than 25% of its claimed amounts, and that equity supported the denial. *Id.*, PageID #s 1043-44.

**III.     THE COURT CONFIRMS THE ARBITRATION AWARD.**

Streamline asks this court to vacate or modify the arbitration award. Defendants, on the other hand, ask this court to confirm the arbitration award. The court denies Streamline's motion to vacate and grants Defendants' motion to confirm.

"Arbitration offers flexibility, an expeditious result, and is relatively inexpensive when compared to litigation." *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 731 (9th Cir. 2006). When parties agree to arbitrate their disputes, they "trade[] the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S.

9

20, 31 (1991) (quotation marks and citation omitted). "To protect the overall purpose of arbitration and avoid any tendency of a court to impute its own strict and rigid practices onto arbitration proceedings, Congress has limited the ability of federal courts to review arbitration awards." *Schoenduve*, 442 F3d at 731.

This court's review of an arbitration decision is therefore "limited and highly deferential." *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003). Motions to vacate arbitration awards are granted "only in very unusual circumstances." This prevents arbitrations from becoming "merely a prelude to a more cumbersome and time-consuming judicial review process." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013).

The scope of this confirmation proceeding is "extremely limited" and governed by §§ 9 to 11 of the Federal Arbitration Act. *See* 9 U.S.C. §§ 9-11. Under § 9, this court must confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9; *accord Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11.").

Under § 10, this court may vacate an arbitration award

10

when: it was procured by corruption, fraud, or undue means, 9 U.S.C. § 10(a)(1); the arbitrator was evidently partial or corrupt, 9 U.S.C. § 10(a)(2); the arbitrator refused to postpone a hearing, refused to hear evidence, or otherwise misbehaved, 9 U.S.C. § 10(a)(3); or the arbitrator exceeded his or her powers or so imperfectly executed those powers that a mutual, final, and definite award was not made, 9 U.S.C. § 10(a)(4).

Under § 11, this court may modify or correct an arbitration award when: there was an evident miscalculation or a mistake in the description of a person, thing, or property, 9 U.S.C. § 11(a); the arbitrator acted on a matter not submitted for arbitration, 9 U.S.C. § 11(b); or the arbitration award has a flaw that does not affect the merits, 9 U.S.C. § 11(c).

There are also judicially developed grounds for vacating an award--when the award is irrational or involved a manifest disregard of the law. *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1106 (9th Cir. 2003). But something more than "erroneous misinterpretations of law" is required before this court may vacate an arbitration award. As the Ninth Circuit has cautioned, "It is not even enough that the arbitrator may have failed to understand or apply the law. An arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the law." *Id.* at 1105 (alterations omitted); *see also French v. Merrill Lynch, Pierce,*

*Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (confirmation of arbitration awards "is required even in the face of erroneous findings of fact or misinterpretations of law" (quotation marks and citation omitted)). Accordingly, under the Federal Arbitration Act, an arbitration award must be confirmed if the arbitrator even arguably properly construed or applied the law and acted within the scope of his authority. *See United Food & Commercial Workers Int'l Union v. Foster Poultry Farms*, 74 F.3d 169, 173 (9th Cir. 1995).

Streamline argues that the arbitration award should be modified under 9 U.S.C. §§ 11(a) (evident miscalculation) and 11(c) (flaw not affecting the merits). Additionally, Streamline seeks to vacate the award under 9 U.S.C. §§ 10(a)(4) (arbitrator exceeded powers). The court rejects Streamline's arguments, as Streamline is really arguing that the arbitrator made a mistake in construing the law. That is not a sufficient ground for vacating or modifying the award.

In awarding each Defendant 25% of the claimed amount for attorneys' fees under section 607-14 of Hawaii Revised Statutes, rather than a maximum combined 25% of the claimed amount, the arbitrator neither made an "evident miscalculation" nor issued an award containing a flaw not affecting the merits for purposes of 9 U.S.C. § 11(a) or § 11(c). While Streamline characterizes the arbitrator's award as involving a

12

miscalculation, that characterization is based on the premise that the arbitrator should have capped the aggregated attorneys' fees at 25%, rather than at 25% per Defendant. In other words, Streamline is not really arguing that the arbitrator made a miscalculation in his figures or incorporated some other flaw. Streamline instead disagrees with how the arbitrator interpreted the law.

This court need not address whether Streamline is correct with respect to what state law provides because this court may not modify the award based on Streamline's argument. *See French*, 784 F.2d at 906 ("confirmation is required even in the face of erroneous findings of fact or misinterpretations of law" (quotation marks and citation omitted)). *Accord Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998) ("courts have held generally that even a mistake of fact or misinterpretation of law by an arbitrator provides insufficient grounds for the modification of an award" under § 11(a)); *UBS Fin. Servs., Inc. v. Riley*, 2012 WL 1831720, at *3 (S.D. Cal. May 18, 2012) ("Section 11(c) does not allow the district court to substitute its judgment for that of the arbitrators, but allows the court to modify arbitration awards to reflect the clear intent of the arbitrator." (citation omitted)).

Nor does Streamline establish that the arbitration award should be vacated under 9 U.S.C. § 10(a)(4), which

addresses an arbitrator's exceeding of his or her power. Streamline equates the arbitrator's alleged misinterpretation of law with his exceeding his powers, essentially arguing that the parties submitted the matter to the arbitrator to have him properly apply the law. However, the "rule is, though the arbitrators' view of the law might be open to serious question, (an award) which is one within the terms of the submission, will not be set aside by a court for error either in law or fact." *Coast Trading Co. v. Pac. Molasses Co.*, 681 F.2d 1195, 1198 (9th Cir. 1982) (alterations, quotation marks and citation omitted).

The parties in this case agreed to the arbitrator's awarding of attorneys' fees pursuant to section 607-14 of Hawaii Revised Statutes. Even if the arbitrator incorrectly calculated the award, that would not mean that the arbitrator exceeded his powers for purposes of § 10(a)(4). The Ninth Circuit has explained that "[a]rbitrators exceed their powers when they express a manifest disregard of law, or when they issue an award that is completely irrational." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009). For an arbitrator to manifestly disregard the law, he or she must have recognized the applicable law and then ignored it. *Id.* Because the arbitrator's alleged mistake of law in this case was not irrational or a manifest disregard of the law, this court confirms the arbitrator's award. *Id.; see also Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056,

14

1060 (9th Cir. 1991) ("An arbitrator's decision must be upheld unless it is completely irrational, or it constitutes a manifest disregard of law" (quotation marks and citation omitted)).

Even assuming that the arbitrator misinterpreted *Kona Village* as allowing more than 25% of the judgment to be awarded as attorneys' fees in arbitrations, that misinterpretation of law would not justify modifying his award. As the Ninth Circuit has noted:

> The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law, or may make errors with respect to the evidence on which they base their rulings, is a risk that every party to arbitration assumes, and such legal and factual errors lie far outside the category of conduct embraced by § 10(a)(4).

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 1003 (9th Cir. 2003).

Streamline additionally argues that the arbitrator's award of fees should be vacated or modified because it is not supported by evidence, given the alleged failure of some Defendants to submit invoices to the arbitrator. But an "arbitration award cannot be vacated or modified because the arbitrator's findings are not supported by substantial evidence or the arbitrator's conclusions of law are erroneous." *Freedom Inv'rs Corp. v. Gantan*, 2017 WL 8772097, at *4 (N.D. Cal. Sept. 7, 2017); *see also Kyocera Corp.*, 341 F.3d at 994 ("Neither

15

erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard."). Moreover, in this case, counsel for all Defendants submitted a declaration in support of the fees. *See* ECF No. 73-2. In that declaration, counsel stated that "Respondents . . . incurred attorneys' fees and general excise tax thereon in the total amount of $263,702.80." The declaration did not limit those fees to fewer than all Defendants.

**IV.    CONCLUSION.**

The court grants Defendants' motion to confirm the arbitration award and denies Plaintiff's motion to vacate or modify the arbitration award.  The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 10, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Streamline Consulting Group v. Legacy Carbon LLC, et al., Civ. No. 15-00318 SOM/KSC; ORDER DENYING PLAINTIFF'S MOTION TO VACATE OR MODIFY ARBITRATION AWARD AND GRANTING DEFENDANTS' COUNTERMOTION TO CONFIRM ARBITRATION AWARD