IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STREAMLINE CONSULTING GROUP LLC,<br><br>             Plaintiff,<br><br>     vs.<br><br>LEGACY CARBON, LLC, HAWAIIAN LEGACY REFORESTATION INITIATIVE, HLH, LLC,  LEGACY HARDWOODS, INC.,  LEGACY HOLDINGS, LLC, JEFFREY DUNSTER,<br><br>             Defendants. | CIV. NO. 15-00318 SOM-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' REQUEST FOR ATTORNEY'S FEES AND COSTS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' REQUEST FOR ATTORNEY'S FEES AND COSTS

Before the Court is the Declaration of Christopher J. Muzzi Re: Attorneys' Fees and Costs ("Request"), filed on February 20, 2020.  ECF No. 106.  Plaintiff Streamline Consulting Group LLC ("Plaintiff") did not file an objection or response.  After careful consideration of the declaration and its exhibits, the record established in this action, and the applicable law, the Court FINDS and RECOMMENDS that Defendants Legacy Carbon, LLC, Hawaiian Legacy Reforestation Initiative, HLH, LLC, Legacy Hardwoods, Inc., Legacy Holdings,

LLC, and Jeffrey Dunster's (collectively "Defendants") Request be GRANTED IN PART and DENIED IN PART.  Defendants requested $1,755.00 in attorney's fees, $45.80 in costs, and $84.85 in General Excise Tax ("GET").  The Court FINDS and RECOMMENDS that Defendants be GRANTED $1,357.00 in attorney's fees, $45.80 in costs, and $66.10 in GET for a total of $1,468.90 in attorney's fees and costs.  The Court RECOMMENDS that the remaining $416.75 in attorney's fees, costs, and GET be DENIED.

## BACKGROUND

On January 7, 2020, Defendants filed their Motion to Compel Discovery Responses to: (1) Defendants' First Request for Answers to Interrogatories in Aid of Judgment to Streamline Consulting Group LLC; and (2) Defendants' First Request for Production of Documents in Aid of Judgment to Plaintiff Streamline Consulting Group LLC ("Motion").  ECF No. 102.  Plaintiff did not file a response or objection to the Motion.

The Motion came on for hearing on February 13, 2020 with Christopher J. Muzzi, Esq. appearing for Defendants.  Plaintiff did not appear.  The Court construed Plaintiff's failure to respond and appear as constituting no opposition. The Court granted the Motion and awarded Defendants their reasonable attorney's fees and costs.  On February 20, 2020, Defendants submitted their counsel's declaration and documentation of the reasonable attorney's fees and costs requested.

## DISCUSSION

To determine the reasonable amount attorney's fees, the Court must complete a two-step process based on the "lodestar" calculation, which multiplies the number of hours reasonably expended by a reasonable hourly rate.  Ryan v. Editions Ltd. West, Inc., 786 F.3d 754, 763 (9th Cir. 2015) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  The Court may then adjust the lodestar amount based on an evaluation of the following factors, provided they have not been already subsumed in the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).  There is a strong presumption that the lodestar amount calculated is reasonable.  See Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000).

### A.   Reasonable Hourly Rate

Defendants request an hourly rate of $395.00 for work performed by Mr. Christopher J. Muzzi, Esq.  The reasonable hourly rate is determined by assessing

3

the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016)); Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). The relevant community is the forum in which the district court sits. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008).

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." Roberts, 938 F.3d at 1024 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (citation omitted). "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citations omitted). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). See also Camacho, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

4

In this case, the only information the declaration provides is that Mr. Muzzi has been practicing law in the State of Hawaii since 1997 and has been a partner in the law firm of Tsugawa Lau & Muzzi LLC since 2005. Defendants have not provided any evidence regarding the prevailing market rates for similar work performed by attorneys of comparable skill, experience, and reputation. However, "District Courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" Sam K. ex rel. Diane C., 788 F.3d at 1041 (citing Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)). Based on this Court's knowledge of the prevailing rates in the legal community for work in similar case, the Court FINDS that the hourly rate of $295.00 is reasonable for work performed by Mr. Muzzi. See e.g., BMO Harris Bank N.A. v. A & M Trucking, Inc., Civ. No. 17-00598 HG-KJM, 2018 WL 3999836, *9 (D. Haw. July 25, 2018).

B.   Hours Reasonably Expended

Defendants request attorney's fees in the amount of $1,755.00 for work performed to bring the Motion. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007) (citing Hensley, 461 U.S. at 433). "In determining the appropriate lodestar amount, the district court may exclude from

5

the fee request any hours that are excessive, redundant, or otherwise unnecessary." Welch, 480 F.3d at 946 (citation and quotation marks omitted).

Mr. Muzzi's declaration states that 5.0 hours of work was performed in bringing the Motion. However, this figure is inconsistent with the amount documented in Exhibit "A" to the declaration. Further, there are entries in Exhibit "A" without any explanation. Without a description of the work performed, the Court cannot determine whether the hours were reasonably expended. Only hours properly documented with a description of how those hours were expended will be considered. The Court FINDS the following hours reasonable:

| Date | Services | Hours | Total |
|---|---|---|---|
| 01/02/20 | Begin Drafting Motion to Compel Discovery; Telcon Streamline for Meet and Confer | 2.9 | $855.50 |
| 01/07/20 | Revise Motion to Compel Discovery | 1.2 | $354.00 |
| 02/13/20 | Prepare for and Attend Hearing on Motion to Compel Discovery | 0.5 | $147.50 |
|  | **Total:** |  | $1,357.00 |

Although the entry on January 2, 2020 is block billed, the Court FINDS the total amount of hours, 4.1 hours (time spent on January 2, 2020 and January 7, 2020), spent on drafting the Motion and on the meet and confer reasonable. As such, deductions on the basis of block billing are not recommended. In addition, although counsel explains that a 10% discount was applied as a courtesy discount to his client, no such discount is recommended. The total amount recommended

here is less that the total amount Defendants requested even after applying their 10% courtesy discount, and the Court FINDS the total amount RECOMMENDED reasonable.

    C.    <u>Reasonable Costs</u>

Defendants request a total of $45.80 in costs for copying, postage, and online research on pacer. The Court FINDS that the costs sought by Defendants are reasonable.

<u>CONCLUSION</u>

The Court carefully reviewed the Request/declaration, exhibit, the files and records in this case, and the applicable law. The Court FINDS and RECOMMENDS that out of the 5.0 hours requested, 0.4 hours be denied. The Court RECOMMENDS that Defendants be awarded a total of 4.6 hours of reasonable attorney's fees at the reasonable rate of $295.00 per hour for a total of $1,357.00 in attorney's fees. The Court FINDS that Defendants' costs are reasonable and RECOMMENDS that costs in the amount of $45.80 be awarded.

The Court FINDS and RECOMMENDS that Plaintiff pay to Defendants the sum in the amount of $1,468.90 in reasonable attorneys' fees and costs plus GET.[1]

//

//

---

[1] Defendants used 4.712% to calculate GET. The same percentage was used to calculate the recommended GET.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 6, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

___

Civ. No. 15-00318 SOM-RT; *Streamline Consulting Group LLC v. Legacy Carbon, LLC, et al.*; Findings and Recommendation to Grant in Part and Deny in Part Defendants' Request for Attorney's Fees and Costs